FREDERICK E. COLLAWN, PETITIONER-DEFENDANT, v. 25 NORTH HARRISON STREET CORPORATION ET AL., RESPONDENT-PROSECUTOR.

Submitted May 13, 1932—Decided January 17, 1933.

Before Justices Trenchard, Case and Brogan.

For the petitioner-defendant, *Skeffington & Walker*.

For the respondent-prosecutor, *Harley, Cox & Walburg* (*Arthur F. Mead,* of counsel).

PER CURIAM.

The respondent below is the prosecutor of this writ of *certiorari,* directed at the findings of fact and the determination by the workmen's compensation bureau, allowing compensation to Frederick E. Collawn, employe, against 25 North Harrison Street Corporation, employer, and the record discloses the following facts:

The petitioner, Frederick E. Collawn, had been in the employ of the prosecutor of this writ as janitor in East Orange, New Jersey, the property in question being No. 25 North Harrison street. He suffered injuries that arose out of and in the course of his employment and was allowed compensation therefor by the deputy commissioner of the workmen's compensation bureau.

The real and in fact the only question in this case is who was the employer of the petitioner at the time that he suffered the injury. The petition was filed against the corporation known as 25 North Harrison Street Corporation as well as against Alexander Isserman, individually; Alexander Isserman & Sons, U. S. Agency and U. S. Mortgage and Title Guaranty Company of New Jersey, as respondents. The fact that the accident arose out of and in the course of employment and that each of the respondents had due notice or knowledge of the injury are undisputed. The petitioner prevailed against the respondent, 25 North Harrison Street Corporation, and the petition was dismissed as to Alexander Isserman, individually; Alexander Isserman & Sons, U. S. Agency and U. S. Mortgage and Title Guaranty Company of New Jersey.

The reasons filed in support of the writ of *certiorari* reduce themselves to the single question mentioned above—who was the employer?

The facts on that point are as follows: For sometime prior to the injury of the petitioner he had been employed by the corporation in question as the janitor of this property owned by it.

The property was encumbered by a first mortgage owned by the U. S. Mortgage and Title Guaranty Company of

New Jersey in the sum of $375,000. Foreclosure of this mortgage was under way, a writ of execution issued on July 11th, 1930, and the property sold thereunder on September 2d, 1930, the mortgagee being the purchaser, deed being delivered on October 4th, 1930. The petitioner was injured on October 6th, 1930. Later, and on December 24th, 1930, the real property in question was conveyed to the William and Harrison Corporation, which was done pursuant to an agreement made April 8th, 1930, between the U. S. Mortgage and Title Guaranty Company of New Jersey and A. Isserman, which agreement we find in the record. Furthermore, the agreement is endorsed by the corporation, 25 North Harrison Street Corporation, as follows: "We hereby agree to the foregoing contract."

A reading of the agreement referred to discloses the situation. One of the pertinent articles of the agreement provided as follows:

"Article 16. It is understood and agreed that in the event the party of the first part [U. S. Mortgage and Title Guaranty Company of New Jersey] is unable to complete its foreclosure and deliver title to the corporation to be formed by the party of the second part [A. Isserman], on or before the first day of July, 1930, then the party of the first part will on the said first day of July, 1930, turn over possession to the 25 North Harrison Street Corporation, the present record owner of said premises, the party of the second part agreeing, however, to manage the said premises for said corporation so that the income of the premises will be used for the maintenance of the building, and for the making of repairs and improvements hereinbefore mentioned. When title is taken by the company to be formed, as above set forth, possession of said premises is then to be turned over to said company."

The plain inference therefore is that Mr. Isserman was the agent for his company, 25 North Harrison Street Corporation, all during this period and until, as later developed, the property was turned over to another corporation formed by him, which conveyance was not made until December 24th, 1930. The real party in interest was plainly the 25 North

Harrison Street Corporation and Mr. Isserman was the agent only of that company.

There was an abundance of evidence at the hearing below that the relation of employer and employe existed between the prosecutor of this writ and the petitioner below. There was testimony that possession of the building in question was delivered to the prosecutor of this writ in July, 1930, and its management and control turned over to Mr. Isserman, acting for and on behalf of the corporation, 25 North Harrison Street Corporation, which corporation, apparently, Mr. Isserman owned.

Mr. Perselay, an officer of both the U. S. Agency and the U. S. Mortgage and Title Guaranty Company, testified the property was being managed for the 25 North Harrison Street Corporation and that that company had possession of the premises up to December 24th, 1930, and that the management, collection of rents and payment of expenditures were all done for the account of that corporation; that neither the U. S. Agency nor the U. S. Mortgage and Title Guaranty Company ever had possession of the premises and that Mr. Isserman did have possession, under the agreement, for the said 25 North Harrison Street Corporation. The conclusion reached by the tribunal below that the relationship of master and servant existed between Collawn and the Harrison Street Corporation was justified from the evidence and that finding is binding on this court.

The record is barren of evidence to show that the relationship of employer and employe was discontinued until some months after the accident in question. Under these circumstances, it follows that it was proper for the deputy commissioner to find that the corporation, the prosecutor of this writ, was the employer within the meaning of the Workmen's Compensation act and that the petitioner sustained the burden of proving the existence of that relationship and that it had not been terminated at the time of the accident. "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in

other words, not only what shall be done but how it shall be done." 29 *Cyc.* 966. Here Mr. Isserman employed the petitioner and when he did so he was acting for the prosecutor herein. *Otmer* v. *Perry,* 94 *N. J. L.* 73; 108 *Atl. Rep.* 369; *Rongo* v. *Waddington & Sons,* 87 *N. J. L.* 395; 94 *Atl. Rep.* 408.

The finding below, therefore, will be affirmed, with costs.